WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wade Patrick, a married man, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Costco Wholesale Corporation, a Washington corporation doing business in Arizona, et al.,<br><br>Defendants. | No. CV12-2633 PHX DGC<br><br>**ORDER** |

The parties have filed several motions. Because the Court concludes that Plaintiffs' motion to remand is well-taken, the Court will not address Defendants' motion to dismiss. The Court will also deny Plaintiffs' motion for sanctions.

Under 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Removal in this case was based on diversity jurisdiction and an amount in dispute

of more than $75,000. Where, as here, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). To meet its burden, the defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

Defendants argue that Plaintiffs certified in state court that this case was not subject to mandatory arbitration because the damages, including punitive damages, exceeded $50,000. Plaintiffs' certification, however, says only that the damages sought will exceed $50,000; it says nothing determinative about the likelihood that damages will exceed $75,000.

Defendants argue that other food poisoning cases have resulted in settlements or verdicts in excess of $75,000, citing cases from Florida, Mississippi, and Texas. The fact that three cases resulted in recoveries of greater than $75,000 for food poisoning, however, does not establish by a preponderance of the evidence that the claim in this case will exceed $75,000. In addition, some of the cases cited by Defendants included e-coli poisoning, but Defendants themselves argue in their motion to dismiss that such poisoning did not occur in this case.

Defendants assert that Plaintiffs seek to recover attorneys' fees. Attorneys' fees may be included in the amount in controversy, however, only if they were incurred prior to the date of removal; future attorneys' fees are too speculative to be included. *Dukes v. Twin City Fire Ins. Co.,* CV-09-2197-PHX-NVW, 2010 WL 94109 at *2 (D. Ariz. Jan. 6, 2010). Defendants fail to identify attorneys' fees incurred before removal. Moreover, Defendants argue in their motion to dismiss that attorneys' fees are not available under A.R.S. § 12-341.01 in this tort case.

Finally, Defendants claim the jurisdictional minimum is satisfied by Plaintiffs' assertion of a claim for punitive damages. The Court concludes, however, that the

prospect of punitive damages fails to satisfy Defendants' burden of establishing this Court's jurisdiction by a preponderance of the evidence. The amount of punitive damages that may be awarded in this case is entirely speculative. *See Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) ("It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damages have been awarded in the past against insurance companies . . . . Defendant has failed to articulate why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages"). Moreover, Defendants correctly note in their motion to dismiss that Plaintiffs have failed to plead the "evil mind" required for punitive damages under Arizona law. *See Volz v. Coleman Co.,* 748 P.2d 1191, 1194 (Ariz. 1987).

As noted above, this Court should remand a matter to state court if there is any doubt about the Court's jurisdiction. The Court finds substantial doubt that the amount in controversy in this case will exceed $75,000, and therefore will remand the case to state court. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court").

Plaintiffs have filed a motion for sanctions which argues that Defendants' removal of this action violated Rule 11(b) because it was undertaken for an improper purpose. Doc. 11. The Court is not persuaded. Although Defendants have failed to satisfy the burden necessary to maintain jurisdiction in this Court, Defendants had a colorable basis for asserting that removal was proper. The motion for sanctions will be denied.

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 13) is **granted** and motion for sanctions (Doc. 11) is **denied**. The Clerk shall remand this case to Maricopa County Superior Court.

Dated this 25th day of February, 2013.

*David G. Campbell*
United States District Judge